In the Matter of HAROLD T. KING, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 18, 1976

*Robert Roberto, Jr.,* for petitioner.

*Harold T. King,* respondent *pro se.*

*Per Curiam.* The respondent was admitted to practice by this court on March 20, 1946. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the issues were referred for hearing and report.

The reporting Justice found that the following charges had been sustained: (1) that the respondent, while acting as a court-appointed referee to sell foreclosed property, failed to comply with the direction of the judgment of foreclosure and sale requiring him to deposit the proceeds of the foreclosure sale with certain named depositories, in that he failed to deposit a $6,600 down payment with a bank and failed to deposit the surplus of approximately $16,000 with the Suffolk County Treasurer and in that he failed to account for those funds; (2) that the respondent also failed to comply with the said judgment of foreclosure and sale, and with section 1355 of the Real Property Actions and Proceedings Law, in that he failed to timely file a report of sale with the Clerk of the County of Suffolk; and (3) that the respondent failed to comply with the directions of a later order of the Supreme Court, Suffolk County, which directed him to file his report of sale and to pay over the surplus moneys to the Treasurer of Suffolk County.

After reviewing the evidence and the report of Mr. Justice McCaffrey, we are in full accord with the findings contained in the report. Accordingly, the petitioner's motion to confirm the report is granted.

In determining the measure of discipline to be imposed, we have taken into consideration the mitigating circumstances set forth by the reporting Justice, the respondent's previously

unblemished record and the fact that he never utilized any of the funds for his own use, but rather held them in his escrow account until payment was made to the County Treasurer. Accordingly, it is our opinion that the respondent be and he hereby is censured for his misconduct.

GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and SHAPIRO, JJ., concur.